**MAYALL HURLEY P.C.**
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone (209) 477-3833**
**Facsimile (209) 473-4818**
**ROBERT J. WASSERMAN (SBN: 258538)**
**VLADIMIR J. KOZINA (SBN: 284645)**

**Attorneys for Plaintiff, Justin Titus**

**JACKSON LEWIS P.C.**
**CARY G. PALMER (SBN: 186601)**
**NATHAN W. AUSTIN (SBN: 219672)**
**HEATH A. HAVEY (SBN: 244087)**
**Telephone (404)909-8100**
**Facsimile (404)909-8120**
**PATRICIA E. SIMON**

**Attorneys for Defendant, Williams Tank Lines**

# UNITED STATES DISTIRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUSTIN TITUS**<br><br>    Plaintiff,<br><br>v.<br><br>**WILLIAMS TANK LINES; and DOES 1-100 inclusive,**<br><br>    Defendants. | **Case No.: 2:15-CV-01962-TLN-EFB**<br><br>**AMENDED STIPULATED ORDER AND JUDGMENTAPPROVING SETTLEMENT UNDER LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004** |

The Parties hereto, Plaintiff Justin Titus ("Plaintiff"), and Defendant Williams Tank Lines ("Defendant"), by and through their respective counsel of record, hereby stipulate as follows:

1. WHEREAS, on August 4, 2015, Plaintiff filed a lawsuit against Defendant in San Joaquin County Superior Court, Case No.: 39-2015-00328219-CU-OE-STK.

2. WHEREAS, on September 17, 2015, Defendants removed the matter to the United States District Court, Eastern District of California, where it was assigned the case number 2:15-cv-01962-TLN-EFB ("the Action").

3. WHEREAS, on October 13, 2015, Plaintiff filed a First Amended Complaint asserting claims pursuant to the California Labor Code Private Attorneys General Act of 2004 set forth in California Labor Code §2698 *et seq*.

4. WHEREAS, on December 22, 2015, Plaintiff filed a Second Amended Complaint ("Second Amended Complaint"). Plaintiff's Second Amended Complaint, includes the following causes of PAGA and Non-PAGA Causes of Action: (1) failure to prove accurate wage statements under PAGA; (2) failure to maintain accurate wage statements under PAGA; (3) failure to state paid sick leave available under PAGA; and (4) retaliation under the California Fair Employment and Housing Act ("FEHA" and "Non-PAGA Claim"). The PAGA Claims set forth in the Second Amended Complaint are referred to herein as "the PAGA Claims."

5. WHEREAS, Defendant vigorously denies all of Plaintiff's allegations, both on factual and legal bases.

6. WHEREAS, both prior and subsequent to Plaintiff filing the Action, Defendant has (a) provided documents regarding its employment practices, (b) provided Plaintiff's wage statements and (c) provided, informally, additional documents and evidence to encourage the early evaluation and resolution of Plaintiff's claims.

7. WHEREAS, between September 18, 2015 and November 31, 2015, the Parties engaged in substantial settlement negotiations and discussions, during which they exchanged information and documentation for purposes of analyzing and determining the respective merits of each party's position regarding the Action.

8. WHEREAS, the Parties engaged in settlement negotiations primarily through their respective attorneys: Robert J. Wasserman, a managing partner in Mayall Hurley P.C.'s employment litigation group, and Cary G. Palmer, the managing partner of Jackson Lewis P.C.'s Sacramento office, both experienced employment law and PAGA practitioners.

9. WHEREAS, the Parties have reached agreement on the terms of settlement regarding the Action.

/ / /

10. WHEREAS, Labor Code § 2699(l) requires that the court review and approve any proposed settlement agreement pursuant to PAGA.

11. WHEREAS, Plaintiff and Plaintiff's counsel concluded, after taking into account the sharply disputed factual and legal issues involved in the Action, the risks attending further prosecution, the informal discovery and briefing conducted to date, and the substantial benefits received and to be received pursuant to the compromise and settlement of the Action, that settlement on the terms herein set forth is in the best interest of all interested parties and beneficiaries.

12. WHEREAS, Plaintiff and Plaintiff's counsel have balanced their evaluation of the validity and strength of the asserted claims against the problems of proof, collectability, and the legal standards governing the claims alleged. Based on this evaluation, Plaintiff's counsel believes that the settlement reached satisfied the public policies of PAGA and is fair to all parties and beneficiaries.

13. WHEREAS, Similarly, Defendant and Defendant's counsel concluded there were benefits associated with settling. Although Defendant disputes the various allegations and causes of action in the Action, Defendant took into account the sharply disputed factual and legal issues involved in the Action, the risk attending further defense, the expense, time, and burden of protracted litigation, and the desire to put the controversy to rest, and based on these factors Defendant and Defendant's counsel agreed to this settlement without any admission of fault or liability.

14. WHEREAS, the parties have entered into a settlement of the PAGA Claims at issue in the Action ("the PAGA Settlement") for a total payment of $13,750. Plaintiff's individual non-PAGA claims at issue in the Action are being resolved separately.

15. WHEREAS, the persons covered by the PAGA Settlement will be Plaintiff and all other persons employed by Defendant in California from June 25, 2014 through the date of this order ("the Other Employees"). The time period covered by the PAGA Settlement will be from June 25, 2014 through the date of this order ("the PAGA Timeframe"). The claims to be released

in this PAGA Settlement include any and all claims, demands, assertions of liability, causes of action, obligations, suits, debts, dues, sums of money, accounts, judgments, damages alleged in the Action, including but not limited to all claims under California Labor Code sections 218.5, 226, 226.3, 246, 248.5, and 2698, et seq. ("PAGA"), and all claims for failure to provide accurate wage statements, failure to maintain accurate wage statements, failure to state paid sick leave available, penalties of any nature, interest, and attorneys' fees and costs arising out of the Action from June 25, 2014 through the date of this order (hereinafter "Released Claims"). The Released Parties include Defendant, and its corporate parent, predecessors, heirs, owners, affiliates, officials, officers, directors, attorneys, employees (current and former), shareholders, servants, agents, representatives, insurers, re-insurers, and third-party administrators, together with their successors and assigns (hereinafter collectively referred to as the "Released Parties"). The PAGA Settlement effectively releases, precludes and bars all Released Claims against the Released Parties during the PAGA Timeframe regardless of whether Plaintiff and the Other Employees actually cash their settlement award checks, so long as the PAGA Settlement is administered and carried out according to this order.

16. WHEREAS, the Settlement sum of $13,750 for the PAGA Claims will be allocated and paid pro rata by pay period actually worked during the PAGA Timeframe (defined below) within 21 days of the Court's approval and signing of the instant stipulated order, as follows:

    a. $3,437.50, representing 25 percent of the PAGA Settlement, will be distributed by Defendant to the Other Employees, less $50.00 paid to Plaintiff, who worked during the PAGA Timeframe, upon which IRS Forms 1099-MISC shall issue to Plaintiff and the Other Employees. All current employees of Defendant will receive their pro rata share through a separate settlement check apart from their regular pay. For those employees who are no longer employed with or on behalf of Defendant, Defendant will send their pro rata portion by mail to their last-known address. Settlement checks issued to the Other Employees pursuant to this Agreement shall expire 180

      days from the date they are issued by Defendant.  Any unclaimed funds after the 180 days shall be remitted to the LWDA.

  b. $6,734.38 of the Settlement Sum shall be paid to the LWDA in accordance with Section 2699(i) of the California Labor Code.  This sum equals $10,312.50 (75% of $13,750), which is the amount that the Parties have agreed is to be paid in settlement of all Released Claims, minus attorneys' fees of $2,578.12 (25 percent of the 75 percent paid to the LWDA) and costs of up to $1,000.00.

  c. $2,578.12 will be paid to Plaintiff's counsel, Mayall Hurley P.C. for attorneys' fees, plus costs of up to $1,000.00.

17. The Parties jointly request that the Court approve the penalties sought as part of the PAGA Settlement.

**IT IS SO STIPULATED.**

**DATED:** January 26, 2016   By /s/ Robert J. Wasserman
                 ROBERT J. WASSERMAN
                 MAYALL HURLEY P.C.
                 Attorneys for Plaintiff

**DATED:** January 26, 2016   By /s/ Cary G. Palmer (as authorized on 1/26/16)
                  CARY G. PALMER
                 JACKSON LEWIS P.C.
                 Attorneys for Defendant

**ORDER**

Upon review of the foregoing stipulation entered into by and between the parties in the above-referenced action, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the foregoing stipulation is hereby approved and the Court approves the parties' PAGA Settlement pursuant to Labor Code § 2699(l), and judgment is hereby entered.

**Dated: January 26, 2016**

Troy L. Nunley
United States District Judge